UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GERMAN PACHECO-HERNANDEZ,<br><br>Defendants. | Case No. 2:12-cr-00172-MMD-VCF<br><br>ORDER |

**I.  SUMMARY**

Before the Court is Petitioner German Pacheco-Hernandez's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (dkt. no. 21). The government does not oppose Petitioner's Motion to the extent Petitioner is asking the Court to vacate and reenter judgment to allow Petitioner to file a notice of appeal. The Court grants Petitioner's Motion in part to permit Petitioner to pursue his appeal.

**II.  BACKGROUND**

On May 30, 2012, Petitioner pled guilty to one count in the Superseding Criminal Information charging him with Possession with the Intent to Distribute a Controlled Substance – Methamphetamine – in violation of Title 21 of the United States Code §§ 841(a)(1) and (b)(1)(B)(viii) pursuant to a plea memorandum. (Dkt. no. 14.) The plea memorandum provides that Petitioner agrees to waive his right to appeal his conviction and sentence. At the change of plea hearing, the Court canvassed Petitioner to ensure he understood that he would be waiving his rights to appeal.

At the sentencing hearing held on September 10, 2012, Petitioner was reminded that he had waived his rights to appeal, but was informed that he nevertheless retained his rights to appeal in some narrowed and limited circumstances. The Court sentenced Petitioner to a term of 70 months in custody. Judgment was entered on September 11, 2012. (Dkt. no. 18.)

About six months later, on February 15, 2013, Petitioner filed the instant Motion raising several claims of ineffective assistance of counsel. In particular, Petitioner claims that his attorney was ineffective for (1) leading him to believe he would benefit from the "fast track program" and failing to ensure he receive that benefit, and (2) failing to file a notice of appeal after he asked her to appeal and sent her a notice of appeal to file.

As noted, the government does not oppose Petitioner's Motion to the extent Petitioner is requesting that the Court vacate and reenter judgment to essentially reset the time for Petitioner to pursue a direct appeal. The government further requests that the Court not address the remainder of Petitioner's claims.

**III.  DISCUSSION**

In *United States v. Sandoval-Lopez*, 409 F.3d 1193 (9th Cir. 2005), the Ninth Circuit clarified that a district court has two options when, as here, it is presented, after entry of judgment, with a habeas petition stating that counsel refused petitioner's request to appeal his sentence. A district court may (1) hold an evidentiary hearing to determine the veracity of petitioner's allegations and vacate judgment to allow appeal if the allegations are true, or (2) "if the [government] does not object, the district court can vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that the petitioner's claim is true." 409 F.3d at 1198. The government asks the Court to follow the latter option.

The Court agrees with the government that the second option is appropriate. In his Motion, Petitioner claims he told his attorney to file a direct appeal and that he sent a notice of appeal to his attorney, but the appeal was not filed. (Dkt. no. 21 at 4.)

2

Petitioner thus is unequivocal in his claim that he directed his attorney to file an appeal and his attorney failed to follow his directive. In light of Petitioner's allegations and the government's request, the Court finds that it is proper to vacate and reenter the judgment without a hearing to permit Petitioner to pursue a direct appeal. By doing so, the Court does not consider the merits of Petitioner's appeal. *See id.* at 1197 (quoting *Peguero v. United States*, 526 U.S. 23 (1999) (explaining that the law on filing notice of appeal is clear*:* "when counsel fails to file a requested appeal, a Petitioner is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit")).

**IV.    CONCLUSION**

IT IS THEREFORE ORDERED that Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (dkt. no. 21) is granted in part and denied in part. It is granted to the extent Petitioner asks the Court to vacate and reenter the judgment of conviction to allow him to file a direct appeal. The Clerk is directed to vacate the Judgment entered on September 12, 2012, and reenter the Judgment upon the entry of this Order. Petitioner will have fourteen (14) days from the reentry of the Judgment to file his notice of appeal. Petitioner's request for counsel to be appointed to represent him in connection with his appeal is also granted. The Court orders that new counsel from the Las Vegas CJA panel be appointed forthwith to represent petitioner. The Motion is denied in all other respects.

DATED THIS 26th day of June 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3